ESTEVAN GRIEGO V. THE STATE.

No. 1616.    Decided March 20, 1912.

1.—Burglary—Statement of Facts—Filing.

Where thirty days were allowed for the filing of a statement of facts after adjournment of the District Court, and the same was not filed within that time, and no extension was given, the same was not filed within time; however, when considered, the evidence is sufficient to sustain the conviction.

2.—Same—Charge of Court—Sufficiency of the Evidence.

Where, upon trial of burglary, the evidence, although circumstantial, sustained the conviction, there was no error in the court's refusal to instruct the jury to find defendant not guilty.

3.—Same—Evidence—Bill of Exceptions.

In the absence of a bill of exceptions in admitting a certain letter of defendant in evidence, the same can not be considered on appeal.

4.—Same—Possession—Burglary.

Where, upon trial of burglary, the evidence showed that defendant was found in possession of the alleged stolen property the morning after the burglary, there was no error in the court's failure to instruct a verdict of not guilty on the ground that defendant was not found in possession of the alleged stolen property.

Appeal from the District Court of El Paso.    Tried below before the Hon. J. R. Harper.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at three years confinement in the penitentiary.

Court adjourned on the first of July, 1911.   The statement of facts was filed on the 25th of October following.   There is no order of the court authorizing the filing of the statement of facts at that late date. There is an order incorporated in the record showing that appellant was allowed thirty days after adjournment of court in which to prepare and file statement of facts.   Why the order of the court was not complied with is not shown, nor does the record show any request for an extension of time.   The signature of the attorneys and the district judge shows an agreement to the statement of facts and approval of the same by the judge on the 15th day of July.   Why the facts were not filed within thirty days is not explained.   We have, however, considered the questions raised in the motion for new trial, although the statement of facts was not filed in time.

Several of the grounds of the motion for new trial are based on want of sufficient evidence to sustain the verdict and judgment. Another ground of the motion alleges error on the part of the court in refusing to instruct the jury to find defendant not guilty. Also that there was no identification of the property mentioned in the evidence. We are of opinion that the evidence, if considered, is sufficient to justify appellant's conviction. There was an issue of fact but the jury solved that in favor of the State, which they had the right to do. The evidence for the State fully makes out a case under the rules of circumstantial evidence. The case is one of circumstantial evidence, but the facts are sufficient to exclude any reasonable hypothesis except guilt. It is also alleged in one of the grounds of the motion for new trial that the court erred in admitting in evidence a letter written by defendant and taken from his person by the officers. This matter is only mentioned in the motion for new trial. There was no exception reserved to the introduction of this evidence, therefore, it can not be considered.

Appellant further contends that the court should have instructed the jury to find him not guilty, because there is no evidence that appellant was ever in possession of the property taken from the burglarized house, or that he claimed to be in possession of same. We are of opinion that the evidence is sufficient to show that he was in possession of the property. He sold it the next morning after the burglary at night to a merchant in the city of El Paso, who testified that appellant and another party did sell it to him, and that defendant did most of the talking. The house was burglarized sometime during the night and appellant sold a lot of the property taken from the house on the following morning.

As the record is presented to us there is no reversible error, and the judgment is affirmed.

*Affirmed.*